## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SELWYN MILLS,** | : | |
| **Plaintiff** | : | **No. 1:20-cv-00266** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **DR. ROGERS, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Pending before the Court is the Commonwealth Defendants' motion to dismiss Plaintiff's amended complaint for failure to prosecute filed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Doc. No. 111.)  For the reasons set forth below, the Court will grant their motion to the extent that the Court will direct Plaintiff to show cause within fourteen (14) days as to why his claims against the Commonwealth Defendants should not be dismissed for his failure to prosecute.

## I.      BACKGROUND

Plaintiff Selwyn Mills ("Plaintiff") is a former inmate of the Pennsylvania Department of Corrections ("DOC").  (Doc. No. 1 at 1, 6.)  He commenced the above-captioned action on February 14, 2020, while he was incarcerated at State Correctional Institution Mahanoy ("SCI Mahanoy") in Frackville, Pennsylvania.[1]  (Id. at 1, 23.)  More specifically, he filed a pro se complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), naming as defendants the following individuals, all of whom appeared to have worked at, or to have subcontracted with, SCI Mahanoy during the period of time relevant to Plaintiff's claims: Dr. Courtney Rogers ("Rogers"); Dr. Mahendra Pujara ("Pujara"); Dr. Chesonis ("Chesonis");

---

[1]  Plaintiff is currently residing in Schenectady, New York.  (Doc. No. 125 at 1.)

Health Services Administrator G. Travers ("Travers"); and six (6) John/Jane Doe Defendants. (Id. at 1–3.)  Plaintiff, however, subsequently voluntarily dismissed the "New York Defendants," whom he defined as Defendant Travers and four (4) John/Jane Does, as defendants in the above-captioned action.  (Doc. No. 32 at 1.)

In his complaint, Plaintiff asserted violations of his constitutional rights, and more specifically, his Eighth and Fourteenth Amendments rights, in connection with treatment of his prostate cancer while he was incarcerated at SCI Mahanoy and then subsequently transferred to correctional institutions in New York.  (Doc. No. 1 at 13–14 (asserting, inter alia, that: (1) the defendants from SCI Mahanoy failed to (a) stay his transfer to New York correctional institutions until he received curative treatment, (b) relay all of his medical information to the receiving institutions, and (c) maintain custody and control of his medical records; and (2) the defendants from New York violated his rights in the same way).)

On February 19, 2020, the Court deemed Plaintiff's complaint filed and directed the Clerk of Court to serve, inter alia, a copy of the complaint on the named defendants.  (Doc. No. 7.)  In the interest of efficient administrative judicial economy, the Court requested that the named defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (Id.)  The Court also instructed that, if service was unable to be completed due to Plaintiff's failure to properly name the defendants or provide an accurate mailing address for the defendants, Plaintiff would be required to correct such deficiencies.  (Id. (stating that Plaintiff's failure to comply with that instruction may result in dismissal of Plaintiff's claims pursuant to Rule 4(m) of the Federal Rules of Civil Procedure).)

On March 11, 2020, Defendant Pujara returned his waiver of service, and counsel entered an appearance on his behalf.  (Doc. Nos. 11, 12.)  On April 2, 2020, the Court observed that

Defendants Rogers, Chesonis, and Travis did not file their waivers of service, and, thus, the Court directed the United States Marshals Service to serve the complaint on those Defendants. (Doc. No. 14.)  Thereafter, on April 28, 2020, Defendant Pujara filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted and supporting brief.  (Doc. Nos. 18, 19.)

On May 13, 2020, Defendant Rogers filed a motion seeking an extension of time to respond to the complaint, and counsel entered an appearance on his behalf.  (Doc. Nos. 24, 25, 27.)  The Court granted Defendant Rogers' motion (Doc. No. 26), and Defendant Rogers filed his answer to the complaint on June 12, 2020 (Doc. No. 35).  On May 28, 2020, the summons that had been issued to Defendant Chesonis was returned to the Court as unexecuted.  (Doc. No. 29.)

Thus, on June 4, 2020, the Court directed Plaintiff to show cause, within fourteen (14) days, why Defendant Chesnois should not be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. No. 33.)  Plaintiff filed his response to the Court's Order on June 19, 2020.  (Doc. No. 36.)  Upon consideration of his response, the Court concluded that Plaintiff established good cause for why Defendant Chesonis should not be dismissed.  (Doc. No. 37 at 4.)  In addition, the Court directed Defendant Rogers to file, under seal, any information he had concerning Defendant Chesonis' current whereabouts.  (Id. at 5.)

On August 4, 2020, the Court denied Defendant Pujara's previously filed motion to dismiss the complaint and directed Defendant Pujara to file an answer to Plaintiff's complaint within fourteen (14) days.  (Doc. No. 39.)  The Court also directed the parties to complete discovery within six (6) months of the date on which Defendant Pujara filed his answer.  (Id.)  Shortly thereafter, on August 12, 2020, counsel entered an appearance on behalf of Defendant

3

Chesonis (Doc. Nos. 40, 41), and, on that same day, Defendant Chesonis filed a motion to dismiss Plaintiff's complaint, or in the alternative, a motion for summary judgment and supporting brief (Doc. Nos. 42, 43).  Defendant Chesonis subsequently filed his statement of material facts.  (Doc. No. 49.)  And, in accordance with the Court's August 4, 2020 Memorandum and Order, Defendant Pujara filed his answer to Plaintiff's complaint on August 18, 2020.  (Doc. No. 48.)

However, around this same period of time, Plaintiff filed a motion seeking leave to file an amended complaint, along with his proposed amended pleading, brief in support, and various exhibits.  (Doc. Nos. 45 through 47.)  In his amended pleading, Plaintiff names as the defendants, the following individuals and entity, all of whom appeared to have worked at, or to have subcontracted with, SCI Mahanoy during the period of time relevant to Plaintiff's claims: Rogers; Pujara; Dr. Mathew Micelli ("Micelli"); PA Jenna Williams ("Williams"); John Steinhart ("Steinhart"); Carey Ritsko ("Ritsko"); and John Doe, Inc.  (Doc. No. 45-1 at 1.)  In addition, Plaintiff again asserts violations of his Eighth and Fourteenth Amendment rights in connection with treatment of his prostate cancer.  (Id.)  More specifically, he asserts, inter alia, that Defendants demonstrated deliberate indifference in delaying "diagnostic and therapeutic treatment" for his "Stage 3 Prostate Cancer" and that they violated due process when they failed to seek a "stay and/or discharge from voluntary extradition . . . to a federal out-of-state facility dangerous to his health."  (Id. at 22, 23.)

The Court granted Plaintiff's motion to amend his complaint on August 31, 2020, and denied as moot Defendant Chesonis' pending motion to dismiss Plaintiff's complaint or, in the alternative, motion for summary judgment.  (Doc. No. 53.)  In addition, the Court directed the Clerk of Court to docket Plaintiff's proposed amended pleading as a separate entry (i.e., (Doc.

No. 52)) and to add the following individuals as defendants to the caption of the docket in this case: Micelli; Williams; and John Doe, Inc. (Doc. No. 53.) The Court also directed the Clerk of Court to substitute Ritsko as Jane Doe #1 and Steinhart as John Doe #1 on the caption of the docket in this case. (Id.) The Court further instructed the Clerk of Court to serve, inter alia, a copy of the amended complaint on the newly named Defendants. (Id.) And, finally, because Plaintiff had "'mistakenly identified [Micelli] as Dr. Chesonis[,]'" (Id. at 2 (quoting No. 45 at 1–2)), Defendant Chesonis was terminated as a defendant in this case.

On September 14, 2020, Defendant Pujara filed a motion to dismiss Plaintiff's amended complaint, along with a supporting brief. (Doc. Nos. 55, 56.) The following day, Defendant Rogers filed an answer to Plaintiff's amended complaint. (Doc. No. 58.) Thereafter, on September 25, 2020, Defendants Steinhart and Ristko returned their waiver of service, and counsel entered an appearance on their behalf. (Doc. Nos. 61, 62.) And, three (3) days later, on September 28, 2020, Defendants Micelli, Williams, and Wellpath returned their waiver of service, and counsel entered an appearance on their behalf. (Doc. Nos. 63 through 65.) Notably, counsel for these defendants stated that it was entering an appearance on behalf of "Wellpath (aka John Doe, Inc.)[.]" (Doc. Nos, 63, 65.)

On October 8, 2020, the Court observing that counsel had entered an appearance on behalf of John Doe, Inc., and the Court further observing that counsel had identified John Doe, Inc. as Wellpath, directed the Clerk of Court to substitute Wellpath for John Doe, Inc. as a defendant in this case. (Doc. No. 68.) Thereafter, on October 30, 2020, Defendants Micelli, Williams, Wellpath, Ritsko, and Steinhart filed their respective answers to the amended complaint. (Doc. Nos. 69, 70.) In addition, Defendants Ritsko and Steinhart filed a motion to take Plaintiff's deposition, which was subsequently granted by the Court. (Doc. Nos. 71, 72.)

On November 13, 2020, the Court granted Defendant Pujara's previously filed motion to dismiss Plaintiff's amended complaint and directed the Clerk of Court to terminate Defendant Pujara as a defendant in this case.  (Doc. Nos. 73, 74.)   Thereafter, on January 4, 2021, while the parties were engaging in discovery, Plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 78.)  The Court conditionally granted that motion the following day and directed the Clerk of Court to forward a copy of its Order to the Chair of the Federal Bar Association's Pro Bono Committee.  (Doc. No. 79.)  In addition, the Court stayed all filing obligations and deadlines for forty-five (45) days pending the Chair's attempts to find counsel to represent Plaintiff in this matter.  (Id.)

On February 18, 2021, the Court issued an Order lifting the previously ordered stay as the Chair of the Federal Bar Association's Pro Bono Committee reported that he had been unsuccessful in locating counsel to represent Plaintiff.  (Doc. No. 80.)  Following the issuance of that Order, Defendants filed a joint motion seeking an extension of time to complete discovery. (Doc. No. 85.)  The Court granted Defendants' joint motion, and directed the parties to complete discovery by August 13, 2021.  (Doc. No. 86.)

As reflected by the Court's docket, however, Defendants subsequently sought numerous extensions of the discovery deadline. (Doc. Nos. 90, 92, 95, 102, 105, 109.)[2]   As a result, discovery was not completed in this matter until January 16, 2023, with a dispositive motions deadline of March 17, 2023.  (Doc. No. 110.)  Moreover, and of particular significance here, during the course of discovery, Defendants Ritsko and Steinhart filed a motion to compel

---

[2]  The Court notes that: one of those motions seeking an extension of the discovery deadline was filed jointly by all Defendants (Doc. No. 102); another one of those motions was filed collectively by Defendants Rogers, Micelli, Williams, and Wellpath (Doc. No. 95); and, finally, the remaining motions were filed by Defendants Ritsko and Steinhart (Doc. Nos. 90, 92, 105, 109).

Plaintiff's deposition. (Doc. No. 97.) In support of their motion, Defendants Ritsko and Steinhart asserted that they had attempted to schedule Plaintiff's deposition by sending him a letter inquiring about available dates, but that Plaintiff neither responded to their letter nor provided them with available dates. (Id.) The Court granted Defendants Ritsko and Steinhart's motion to compel, to the extent that Plaintiff was directed to respond to their previously propounded letter. (Doc. No. 98.) And Plaintiff was subsequently deposed on July 28, 2022. (Doc. No. 108-1 at 2.)

In addition, Defendants Ritsko and Steinhart also filed, during the course of discovery, a motion to compel and supporting brief. (Doc. Nos. 107, 108.) In support of their motion, they asserted that they had served Plaintiff with a request for the production of documents, but that he failed to respond to that request. (Id.) Specifically, Defendants Ritsko and Steinhart had requested that Plaintiff produce documents he referenced during his deposition. (Doc. No. 108 at 4.) On November 21, 2022, the Court granted Defendants Ritsko and Steinhart's motion to compel discovery and directed Plaintiff to provide these Defendants with copies of the requested documents on or before December 19, 2022, or, alternatively, certify that they do not exist. (Doc. No. 110.)

Thereafter, on February 10, 2023, Defendants Ritsko and Steinhart filed a motion to dismiss Plaintiff's amended complaint due to his alleged failure to prosecute, followed by a supporting brief, on the basis that Plaintiff never provided the requested discovery documents and, thus, failed to comply with the Court's November 21, 2022 Order. (Doc. Nos. 111, 113.) On February 15, 2023, after Defendants Ritsko and Steinhart filed their motion to dismiss, Plaintiff filed a letter concerning discovery in this matter. (Doc. No. 112.) Because it appeared that Plaintiff filed this letter in opposition to Defendants Ritsko and Steinhart's motion to compel

discovery, the Court directed these Defendants to file a response.  (Doc. No. 117.)  In accordance with the Court's directive, Defendants Ritsko and Steinhart filed a response to Plaintiff's letter on March 14, 2023.  (Doc. No. 118.)  In addition, Defendants Ritsko and Steinhart also filed a motion for an extension of time to file a motion for summary judgment, if necessary, after the Court's resolution of their pending motion to dismiss based upon Plaintiff's asserted failure to prosecute.  (Doc. No. 117.)

On March 31, 2023, following a brief extension of time, Defendants Micelli, Rogers, Wellpath, and Williams filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, along with a statement of material facts.  (Doc. Nos. 119, 120.)  They subsequently filed a brief in support.  (Doc. No. 124.)  As reflected by the Court's docket, Plaintiff has not filed a brief in opposition to their motion or sought an extension of time in which to do so.

In sum, the remaining Defendants in this action are as follows: Defendants Ritsko and Steinhart (collectively, the "Commonwealth Defendants"); and Defendants Rogers, Micelli, Williams, and Wellpath (collectively, the "Medical Defendants").  In addition, there are currently pending before the Court the following motions: (1) the Commonwealth Defendants' motion to dismiss the amended complaint based upon Plaintiff's asserted failure to prosecute, and (2) the Medical Defendants' motion for summary judgment.  (Doc. Nos. 111, 119.)  As stated above, however, this Memorandum addresses only the Commonwealth Defendants' pending motion to dismiss.  (Doc. No. 111.)  The Court will address the Medical Defendants' motion for summary judgment in a subsequent Memorandum and Order.  (Doc. No. 119.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of a plaintiff "to prosecute or to comply with these rules or a court order[.]"  See Fed. R. Civ. P. 41(b).  District courts have the inherent power to dismiss an action sua sponte for failure to prosecute.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and that "[t]his includes the authority to dismiss a case for lack of prosecution" (citation and internal citation and quotation marks omitted)).

When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance the six (6) factors set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See id. at 868–70.  However, not all of the Poulis factors must be satisfied in order for a district court to dismiss a complaint.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (stating that "we have also made it clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint'" (quoting Mindek, 964 F.2d at 1373)).

## III.    DISCUSSION

As set forth above, the Commonwealth Defendants have filed a motion to dismiss Plaintiff's amended complaint due to his failure to prosecute this action.  (Doc. No. 111.)  They have filed their motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and they have addressed the six (6) <u>Poulis</u> factors outlined above in connection with Plaintiff's failure to respond to their various discovery requests/letters and Plaintiff's failure to comply with this Court's November 21, 2022 Order, which—as discussed above—directed Plaintiff to produce certain documents or, alternatively, certify that they do not exist.  (Doc. Nos. 111, 113.)

In response to the Commonwealth Defendants' motion, Plaintiff filed a letter.  (Doc. No. 112.)  He states that he did not receive the Defendants' "[request[s]," but that he has received the Court's Order "compelling [him] to comply."[3]  (<u>Id.</u> at 1.)  Plaintiff also states that he complied with that Order "by forwarding his information concerning the requested material . . . [t]hat such document [sic] do exist on information and belief)" as "[P]laintiff had viewed the requested document on or about 12/2017 through an email transmission at (RCJ) Rensselaer County Jail, Medical Services in Troy[,] New York."  (<u>Id.</u>)  In connection with these statements, Plaintiff

---

[3]  The Court notes, however, that the record reflects otherwise. Not only has counsel for the Commonwealth Defendants provided the Court with the emails that they sent to Plaintiff concerning their request for the production of documents (Doc. Nos. 118-1, 118-2 (attaching emails dated July 28, 2022, and September 6, 2022)), but a copy of the request for the production of documents was also attached as an exhibit to multiple filings, which were served via U.S. Mail to Plaintiff at the address identified in his filings, including the Commonwealth Defendants' brief in support of their motion to compel discovery (Doc. No. 108-1 at 137–142) and the Commonwealth Defendants' brief in support of their motion to dismiss for lack of prosecution (Doc. No. 113-1 at 3–8).  Additionally, the Court notes that Plaintiff appears to contradict himself, as he contends that he sent the requested documentation to the Commonwealth Defendants.  (Doc. No. 112.)  In other words, if Plaintiff did not receive the Defendants' discovery requests, then he would not know what material was requested and, thus, he also would not know what material needed to be forwarded to them.

10

explains that he "is on State and Federal Probation/Parole" and that his "personal property had to be sent home to his mother['s] house/apartment who live[s] in Brooklyn, New York[,]" and that he "is not in possession of his legal documents which is located at his mother['s]." (Id.)  Finally, Plaintiff asserts "defense tactics" on the part of the Commonwealth Defendants and that he has not received a copy of his deposition.[4]  (Id.)

The Commonwealth Defendants responded to Plaintiff's letter, stating that while they recognize Plaintiff's status as a pro se litigant, he is nevertheless required to comply with the Federal Rules, the Court's Local Rules, and the Court's Orders.  (Doc. No. 118 at 2.)  And, in support, the Commonwealth Defendants address Plaintiff's letter by arguing as follows: the request for the production of documents was sent to Plaintiff several times over the course of seven (7) months; they still have not received any responsive documents or a certification from Plaintiff that the required documents do not exist; and a copy of Plaintiff's deposition transcript was mailed to him as an exhibit in support of their motion to compel discovery.  (Doc. No. 118.)  As a result, the Commonwealth Defendants reassert their position that Plaintiff has failed to prosecute this action.  See (id.).  The Court addresses each Poulis factor in turn.

A.      **Extent of the Party's Responsibility**

As to the first factor, extent of the party's responsibility, the Commonwealth Defendants argue, and the Court agrees, that Plaintiff is a self-represented litigant, and, thus, it is his personal responsibility to comply with the Court's Orders.  See Briscoe, 538 F.3d at 258; Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010).  As explained by the United States Court of Appeals

---

[4]  However, the record reveals that the Commonwealth Defendants served Plaintiff with a copy of his deposition transcript via U.S. Mail in connection with their brief in support of their motion to compel discovery.  (Doc. No. 108-1 at 2–136.)

for the Third Circuit, "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." See Briscoe, 538 F.3d at 258–59 (citation and emphasis omitted).

Here, the Court granted the Commonwealth Defendants' motion to compel discovery on November 21, 2022, and ordered Plaintiff to provide, on or December 19, 2022, copies of the documents requested by Defendants in their request for production of documents or certify that the documents do not exist. (Doc. No. 110 at 1.) Despite having been ordered to do so, Plaintiff has neither produced the documents nor certified that they do not exist. Although Plaintiff broadly contends that the documents are located at his mother's house, he had more than sufficient time to obtain those documents and provide them to the Commonwealth Defendants. Thus, for all of these reasons, the Court concludes that this first factor, the extent of the party's responsibility, weighs heavily in favor of dismissal of Plaintiff's claims against the Commonwealth Defendants.

### B. Prejudice to the Adversary

When examining the second Poulis factor, prejudice to the adversary, the Court must consider whether Plaintiff's failure to comply with the Court's Order prejudices the Commonwealth Defendants. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (citation and internal quotation marks omitted). Prejudice, however, "is not limited to irremediable or irreparable harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." See id. (citations and internal quotation marks omitted). For

12

instance, the United States Court of Appeals for the Third Circuit has "construed prejudice to include the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary[.]"  See Ware v. Rodale Press, Inc., 322 F.3d 218, 223 (3d Cir. 2003) (citation omitted); Poulis, 747 F.2d at 868 (concluding that the district court's finding of prejudice to the defendant was "supported by the record" where "[t]he interrogatories were never answered nor were objections filed[, and] defense counsel was obliged to file a motion to compel answers, and was obliged to file its pretrial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first").

Here, Plaintiff claimed during his deposition that he had relevant and material evidence of the wrongdoings of the Commonwealth Defendants.  (Doc. No. 108-1 at 68–69.)  However, the Commonwealth Defendants were unable to receive that evidence without Plaintiff's compliance.  As a result, the Commonwealth Defendants served Plaintiff with a request for the production of documents on July 28, 2022, seeking the allegedly relevant documents that Plaintiff had referenced during his deposition.  (Doc. No. 113-1 at 2–8.)  The Commonwealth Defendants, via their counsel, also sent a follow-up request to Plaintiff by way of e-mail, but they did not receive a response from him.  (Doc. No. 113-1 at 9–11.)  Consequently, the Commonwealth Defendants were required to file a motion to compel.  (Doc. Nos. 107, 108.)  The Commonwealth Defendants were also required to file a motion seeking an extension of the case management deadlines, based upon Plaintiff's failure to respond.  (Doc. No. 109.)  The Court granted that motion and directed the parties to complete discovery by January 16, 2023, and to file any dispositive motions by March 17, 2023.  (Doc. No. 110 at 2.)  Thus, on February 10, 2023, at the time the Commonwealth Defendants filed their motion to dismiss Plaintiff's amended complaint based upon his asserted failure to prosecute, they were subject to the March

13

17, 2023 dispositive motions deadline.  (Doc. Nos. 110, 111.)  In other words, the Commonwealth Defendants did not have the ability to review the purportedly relevant documents, much less prepare a defense, before that dispositive motions deadline expired.[5]

Thus, for all of these reasons, the Court concludes that Plaintiff's failure to respond to the Commonwealth Defendants' request for the production of documents has impeded their ability to prepare a full and complete defense in this matter.  See Ware, 322 F.3d at 222–24 (explaining that  noncompliance with discovery requests and orders can result in prejudice to a defendant). Indeed, Plaintiff has left the Commonwealth Defendants with no option but to file motions to compel, motions for an extension of time, and now a motion to dismiss.  Accordingly, this second factor, prejudice to the adversary, weighs heavily in favor of dismissal of Plaintiff's claims against the Commonwealth Defendants.

### C.     History of Dilatoriness

Examining the third Poulis factor, history of dilatoriness, the Court observes that, during the course of discovery, the Commonwealth Defendants were required to file two (2) motions to compel based upon Plaintiff's unresponsiveness to their discovery requests, both of which were granted by the Court.  (Doc. Nos. 97, 107.)  The Court further observes that, to date, Plaintiff has not complied with the Court's November 21, 2022 Order.  (Doc. No. 110.)  Based upon these observations, the Court finds, as a preliminary matter, that Plaintiff's failure to (a) engage in the discovery process with the Commonwealth Defendants and (b) abide by a Court Order suggest Plaintiff's intent not to continue with this litigation.

---

[5]  This is why the Commonwealth Defendants sought, and were granted by the Court, an extension of time in which to file a dispositive motion following resolution of the instant motion.

That being said, however, the Court also recognizes that "a history of dilatoriness" is generally demonstrated through "extensive or repeated delay or delinquency[.]"  See Hildebrand v. Allegheny Cnty., 923 F.3d 128, 135 (3d Cir. 2019).  Moreover, "[w]hile extensive delay may weigh in favor of dismissal, a party's problematic acts must be evaluated in light of its behavior over the life of the case."  See id. (citation and internal quotation marks omitted).  Indeed, such delay can be mitigated by the time during which the party litigates the case responsibly.  See id. (showing by way of example that, because the plaintiff in Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863 (3d Cir. 1994) "had litigated the case responsibly for ten years prior to the hiatus, the delay was somewhat mitigated and weighed toward, but did not mandate, dismissal" (citation, internal quotation marks, and alterations omitted)).

In an attempt to show that Plaintiff has displayed such extensive or repeated delay, the Commonwealth Defendants argue that, since Plaintiff has been released from prison, his actions have been nothing but dilatory.  (Doc. No. 113 at 9.)  In support, they assert that Plaintiff: (1) did not initially respond to their letter requesting dates for his deposition, which caused them to file a motion to compel his deposition; (2) then, following his deposition, Plaintiff did not respond to their requests for the production of documents, which caused them to file a motion to compel discovery; and (3) now, Plaintiff has failed to comply with a Court Order.  (Id.)

While the Court recognizes Plaintiff's failures as described above, the Court cannot say that Plaintiff's dilatoriness is so extensive or repetitive as to weigh in favor of dismissal.  See Hildebrand, 923 F.3d at 135 (stating that "[m]ost cases where the court found a history of dilatoriness involved repeated delay[,]" and citing Ware, 322 F.3d at 224, wherein "plaintiffs failed repeatedly to provide a damages calculation over a five-year period[,]" and Emerson, 296 F.3d at 191, "where plaintiff made multiple requests for stays and failed to meet deadlines").

15

This is especially true, where Plaintiff has, up until his release from incarceration, litigated this action responsibly.[6]

Accordingly, for all of these reasons, the Court finds that, while Plaintiff's failure to engage in the discovery process and failure to abide by the Court's Order suggest Plaintiff's intent not to continue with this litigation, these failures have been somewhat recent, and, thus, the Court finds that this third factor, history of dilatoriness, is neutral as it neither weighs in favor of nor against dismissal of Plaintiff's claims against the Commonwealth Defendants.

**D.     Willful or Bad Faith**

The Court next evaluates the fourth <u>Poulis</u> factor and, specifically, whether Plaintiff's conduct was willful or in bad faith.  The Commonwealth Defendants argue, and the Court agrees, that Plaintiff's failure to respond to the Commonwealth Defendants' discovery requests (<u>i.e.</u>, deposition dates and request for the production of documents), and Plaintiff's failure to abide by the Court's November 21, 2022 Order directing him to respond to Defendants' discovery request can be appropriately described as willful conduct.  <u>See</u> <u>Hildebrand</u>, 923 F.3d at 135 (explaining that, under the fourth <u>Poulis</u> factor, "[w]illfulness involves intentional or self-serving behavior" (citation and internal quotation marks omitted)); <u>Gilyard v. Dauphin Cnty. Work Release</u>, No. 1:10-cv-01657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010) (concluding that the "[p]laintiff's repeated dilatory conduct and failure to abide by court orders demonstrate a willful disregard for procedural rules and court directives").  Thus, the Court concludes that this fourth factor, willful or bad-faith conduct, weighs in favor of dismissal of Plaintiff's claims against the Commonwealth Defendants.

---

[6]  Most recently, Plaintiff filed a notice of change of address on June 14, 2023.  (Doc. No. 125.) Plaintiff, however, has not otherwise engaged in this litigation since February of 2023.  (Doc. No. 112.)

**E.      Effectiveness of Sanctions**

The Commonwealth Defendants argue that an examination of the fifth <u>Poulis</u> factor, the effectiveness of sanctions other than dismissal, demonstrates that there is no reasonable basis to conclude that alternative sanctions would be effective in this case.  (Doc. No. 113 at 11.)  The Court agrees in part.  Although Plaintiff is proceeding pro se, he was not, as argued by the Commonwealth Defendants, granted leave to proceed <u>in forma pauperis</u> in this action.  Instead, and as reflected by the Court's docket, Plaintiff paid the filing fee at the time he filed his complaint.  (Doc. No. 1.)  In addition, Plaintiff is no longer incarcerated and may, therefore, be gainfully employed.  As a result, a monetary sanction <u>may</u> be effective here.  However, that being said, the Court also recognizes that Plaintiff has already failed to comply with a Court Order.  Thus, it is equally plausible that he <u>may</u> not comply with any subsequent Court Orders imposing a monetary sanction against him.  Accordingly, for all of these reasons, the Court concludes that this fifth factor, effectiveness of sanctions, neither weighs in favor of nor against dismissal of Plaintiff's claims against the Commonwealth Defendants.

**F.      Meritoriousness of the Claim**

Lastly, regarding the sixth <u>Poulis</u> factor, meritoriousness of the claim, the Court observes that a claim is considered meritorious when the allegations in the complaint, if they were to be established at trial, would support recovery by the plaintiff.  <u>See Poulis</u>, 747 F.2d at 869–70.  As a result, in order to the determine whether a party's claims are meritorious, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim.  <u>See Briscoe</u>, 538 F.3d at 263.

In this case, Plaintiff's amended complaint asserts an Eighth Amendment deliberate indifference claim and Fourteenth Amendment due process claims against the Commonwealth

Defendants.  (Doc. No. 52.)  In their instant motion, the Commonwealth Defendants argue that

Plaintiff's amended complaint fails to plausibly state a claim under either Amendment.  (Doc.

No. 113 at 11–17.)  However, the Court observes that the Commonwealth Defendants did not file

a motion to dismiss Plaintiff's amended complaint and, instead, filed an answer.  The Court

further observes that, with respect to the Commonwealth Defendants, this case is at the summary

judgment stage of the litigation.  A fortiori, Plaintiff's claims against the Commonwealth

Defendants appear to at least have some merit.  However, even when making these observations,

the Court ultimately finds that the true merit of Plaintiff's claims against the Commonwealth

Defendants cannot be appropriately determined without discovery.  Thus, while the Court

concludes that the sixth factor, meritoriousness of Plaintiff's claims, weighs slightly against

dismissal, it is of minimal significance to the Court.

### G.      Conclusion

Thus, on consideration and balance of all of the Poulis factors, the Court is inclined to

conclude that these factors weigh in favor of dismissing Plaintiff's claims against the

Commonwealth Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

While Plaintiff's claims, if proven at trial, may have some merit, that Poulis factor alone is not

dispositive.  See Hildebrand, 923 F.3d at 132 (explaining that "[n]one of the Poulis factors is

alone dispositive, and it is also true that not all of the factors need to be satisfied to justify

dismissal of a complaint for lack of prosecution" (citation omitted)); Briscoe, 538 F.3d at 263

(stating that "no single Poulis factor is dispositive . . . [and it is] clear that not all of the Poulis

factors need be satisfied in order to dismiss a complaint" (citations and internal quotation marks

omitted)).

Case 1:20-cv-00266-YK-SM Document 126 Filed 10/20/23 Page 19 of 19

Because, however, the Court recognizes that the Federal Rules of Civil Procedure favor cases being decided on the merits, see Foman v. Davis, 371 U.S. 178, 181–82 (1962), and because the Court further recognizes that "dismissal with prejudice [is] an 'extreme' sanction[,]" the Court will afford Plaintiff fourteen (14) days in which to show cause why his claims against the Commonwealth Defendants should not be dismissed based upon his failure to prosecute.  See Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)); see also Briscoe, 538 F.3d at 262 (instructing that a district court must consider "alternative sanctions" before dismissing a case).  Plaintiff is cautioned that if he fails to show cause within fourteen (14) days, the Court may summarily dismiss his claims against the Commonwealth Defendants, without any further notice to him, for the reasons set forth in this Memorandum.

## IV.    CONCLUSION

Accordingly, the Court will grant the Commonwealth Defendants' motion to the extent that the Court will direct Plaintiff to show cause within fourteen (14) days as to why his claims should not be dismissed against them for his asserted failure to prosecute.  An appropriate Order follows.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania